BROTHERHOOD OF LOCOMOTIVE
ENGINEERS; Michael A. Sabia,
Jr., Appellants

v.

Gregory ROSSI in his individual and
official capacity; John McNamara in
his individual and official capacity;
Town of Dover, The State of New Jer-
sey, Town Admistratory/Clerk; Zuli-
ma V. Farber State of New Jersey,
Attorney General; State of New Jer-
sey.

No. 06–3410.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Dec. 11, 2007.

Filed: Aug. 28, 2008.

John E. Savoth, King, Kitrick & Jack-
son, Brick, NJ, Lawrence M. Mann, Alper
& Mann, Bethesda, MD, for Appellants.

Laura M. Logiudice, Post, Polak, Good-
sell, MacNeill & Strauchler, Roseland, NJ,
Kathryn N. Roettger, Florham Park, NJ,
for Appellees.

Before: McKEE, CHAGARES, and
HARDIMAN, Circuit Judges.

OPINION OF THE COURT

McKEE, Circuit Judge.

The Brotherhood of Locomotive Engi-
neers and Michael A. Sabia, Jr. appeal the
district court's order granting summary
judgment in favor of the defendants and
dismissing the complaint which the plain-
tiffs filed pursuant to The Federal Railway
Safety Act of 1970. For the reasons that
follow, we will affirm.

Inasmuch as we write primarily for the
parties who are presumed to be familiar
with this case, we need not recite the
factual or procedural background except
insofar as may be helpful to our brief
discussion.

The only issue raised on appeal is
whether the district court correctly con-
cluded that plaintiffs had not established a
violation of the Fourth Amendment as a
matter of law. Plaintiffs maintain here, as
they did in the district court, that "particu-
larized suspicion" that an individual may
be impaired by alcohol or drugs is re-
quired to support probable cause for a
search warrant for blood and urine. We
have reviewed the very thoughtful Letter
Opinion, dated June 16, 2006, 2006 WL
1704472, in which the district court suc-
cinctly but thoroughly explains why sum-
mary judgement is warranted in this case.
We agree with the court's explanation, and
little more discussion of plaintiffs' claims is
necessary.

It is now clear that the Fourth Amend-
ment is implicated when law enforcement
attempts to obtain a sample of blood or
urine. *Skinner v. Railway Labor Execu-
tive's Ass'n,* 489 U.S. 602, 616, 109 S.Ct.
1402, 103 L.Ed.2d 639 (1989). Plaintiffs
argue the Fourth Amendment was violated
here because police did not have probable
cause to suspect Sabia of wrongdoing.
Rather, as the district court explained, po-
lice obtained a search warrant for blood
and urine samples because they needed "to
rule out any possibility that the death [of
the officer Sabia struck] was caused by
intoxication on the part of Sabia." The
district court relied upon *Zurcher v. The
Stanford Daily,* 436 U.S. 547, 98 S.Ct.
1970, 56 L.Ed.2d 525 (1978) in concluding
that the warrant was not obtained in viola-
tion of the Fourth Amendment. In *Zurch-*

er, the district court had concluded that "third-party" searches without probable cause "to believe that the owner or possessor of the property is himself implicated in the crime ...," are only constitutional in very limited circumstances. *Id.* at 554, 98 S.Ct. 1970. In reversing that decision, the Supreme Court explained: "[n]othing on the face of the Amendment suggests that a third-party search warrant should not normally issue. The Warrant Clause speaks of search warrants issued on 'probable cause' and 'particularly describing the place to be searched, and the person or things to be seized.'" *Id.* Thus, "[t]he critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property for which entry is sought." *Id.* at 556, 98 S.Ct. 1970. The object of the warrant must also constitute contraband or evidence. Here, Sabia's possible intoxication was relevant to establishing whether the deceased officer died as a result of an arson, or because of the intervening cause of Sabia's intoxication.

Accordingly, the warrant was based upon probable cause under *Zurcher,* and the district court correctly granted summary judgment.